**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

ORX RESOURCES, INC.                                    CIVIL ACTION

VERSUS                                                          No. 09-4451

MARSHALL AUTRA                                            SECTION I

## ORDER AND REASONS

Before the Court is a motion[1] to dismiss defendant's counterclaim filed by plaintiff and defendant in counterclaim, ORX Resources, Inc. ("ORX"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant and plaintiff in counterclaim, Marshall Autra ("Autra"), has opposed the motion.[2] For the following reasons, ORX's motion is **DENIED**.

### *BACKGROUND*

In February 2003, ORX, an oil and gas exploration and production corporation, entered into a consultation agreement with Autra to retain his services as a geologist.[3] The agreement stipulated that ORX pay Autra a monthly sum, business and travel expenses, and an overriding royalty interest on all prospects that Autra reviewed and recommended.[4] ORX terminated the agreement after one year, and the parties formed a subsequent agreement regarding certain overriding royalty interests owed Autra.[5]

---

[1] R. Doc. No. 7.

[2] R. Doc. 9.
[3] R. Doc. 6, pp. 2, 7.
[4] Id. at 7.
[5] Id. at 7-8. Autra and ORX dispute the scope of the subsequent agreement and whether Autra is still entitled to additional overriding royalty interests. *Id.* at 3, 7-8; R. Doc. No. 1, p. 2-4.

On July 20, 2009, ORX filed this lawsuit seeking damages and a declaration that it has paid all overriding royalty interest due to Autra or, alternatively, a declaration that certain overriding royalty assignments Autra received in the past are null and void. In addition, ORX seeks to stop Autra from making false statements about ORX and it seeks damages for harm to ORX's reputation and business, as well as all general and equitable relief.[6]

On August 28, 2009, Autra filed a counterclaim for breach of contract, conversion, breach of fiduciary duty, and unjust enrichment.[7] ORX filed the instant motion to dismiss Autra's unjust enrichment counterclaim pursuant to Rule 12(b)(6).[8] Subsequently, Autra timely amended his counterclaim to alternatively plead unjust enrichment and Autra also filed an opposition to ORX's motion to dismiss.[9]

## *LAW AND ANALYSIS*

### I.  STANDARD OF LAW

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief.  Bell Atl.Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (citations and footnote omitted)); Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to

---

[6] R. Doc. No. 1, p. 8.
[7] R. Doc. No. 6.
[8] R. Doc. No. 7.
[9] R. Doc. No. 8 & 9.

relief-including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" Culliver, 503 F.3d at 401 (quoting Twombly, 127 S.Ct. at 1964-65).

This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted.  See Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996).  In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff.  Spivey,197 F.3d at 774; Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).  "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" Cutrer v. McMillan, 308 Fed. Appx. 819, 820 (5th Cir. 2009)(quoting Clark v. Amoco Prod. Co., 794 F.2d 967, 970 (5th Cir.1986)).


## II.  UNJUST ENRICHMENT

ORX requests that the Court dismiss Autra's claims for unjust enrichment because Autra has other remedies available at law.[10] A cause of action for enrichment without cause, or unjust enrichment, was adopted by the 1995 Louisiana Legislature. LA. CIV. CODE ANN. art. 2298 provides in pertinent part that:

> A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.

In order to state a cause of action for unjust enrichment, a plaintiff must meet the following requirements: "(1) there must be an enrichment; (2) there must be an impoverishment; (3) there must be a connection between the enrichment and the resulting impoverishment; (4)

---

[10]R. Doc. No. 7, p. 4.

there must be an absence of 'justification' or 'cause' for the enrichment and impoverishment; and (5) there must be no other remedy at law available to plaintiff." Carriere v. Bank of Louisiana, 702 So.2d 648 (La. 12/13/96).

ORX argues that this claim should be dismissed because Autra does not allege that unjust enrichment is his only available remedy, rather, "[t]o the contrary, defendant asserts several widely divergent causes of action against ORX, including *inter alia* breach of the Consultation Agreement, breach of fiduciary duty, and conversion."[11] In response to ORX's motion to dismiss, Autra amended his counterclaim to plead his claim for unjust enrichment in the alternative.[12] ORX has not filed a reply to Autra's opposition nor has it renewed its motion to dismiss after Autra filed his amended counterclaim.

The Federal Rules allow a party to plead separate, inconsistent claims in the alternative. Fed. R. Civ. P. 8(d) provides:

> A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient. . . . A party may state as many separate claims or defenses as it has, regardless of consistency.

Therefore, the federal rules permit a claim for unjust enrichment to be pled in the alternative. See Mayer v. Lamarque Ford Inc., 2001 WL 175232 at *2 (E.D. La., Feb. 16, 2001); Univ. Rehab. Hosp., Inc. v. Int'l Coop. Consultants, Inc., 2006 WL 2983050 at *5-6 (W.D. La., October 16,

---

[11] Id. Therefore, only the fifth element is currently at issue.

[12] Autra's amended counterclaim reads:

> In the alternative, in the event the Consultation Agreement and/or the Bolton agreement are unenforceable for any reason, and/or in the event that it is determined that Autra has no other remedy available at law, then, in order to rectify the unjust enrichment, ORX must compensate Autra, in full, in an amount to be proven at trial.

R. Doc. No. 8, p. 1-2.

2006).  In his amended counterclaim, Autra properly pled his unjust enrichment claim in the alternative, as permitted by Fed. R. Civ. P. 8(d).

Accordingly, and for the reasons stated above,

**IT IS ORDERED** that ORX's motion to dismiss Autra's action for unjust enrichment, pursuant to Fed. R. Civ. P. 12(b)(6) is **DENIED.**

New Orleans, Louisiana, October 20, 2009.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**